# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DANITA P. BROWN,

    Plaintiff,

  v.

AUTUMN KRUSE,

    Defendant.

Case No. 1:15-cv-526

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On August 12, 2015, Plaintiff filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion is a copy of the proposed complaint. (Doc. 1-1). On August 17, 2015, Plaintiff filed a "Notice" in which she states her intention to amend her complaint to name, in place of Defendant Kruse, "A.G. Lafley, current CEO of Procter and Gamble." (Doc. 2).

### I. General Screening Authority

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570); see also Hill v.

2

*Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

**II. Allegations Of Complaint**

Plaintiff's complaint identifies Autumn Kruse as "Procter and Gamble Sr. Counsel," with a proposed amendment to change the identified Defendant to "A.G. Lafley," based upon his current position as Chief Executive Officer of Proctor & Gamble ("P&G").

Plaintiff's "Statement of Claim" alleges:

A resolution was made between myself [Plaintiff] and P&G for child laboring and being prostituted by _&G from 1856-1962, by 1962 I had majority stock with P&G. The City of Cincinnati made a resolution in 1966 or 67 to be carried out by 1975 to have me run the corporation and receive

3

> $10 million yearly for no less than 20 yrs. I did commercials for P&G with National President of NAACP and by myself. The National NAACP was also involved in the decision making. From 1985 to present I have tried repeatedly to get compensation or to speak to someone about running the corporation. I have had guns drawn at me by company police, arrested and had the cases dismissed. The last encounter of arrest over 50 minorities walked out of P&G in my defense! Also I funded and designed P&G plaza built in 1972.

(Doc. 1-1 at 3). For relief, Plaintiff seeks compensation of 10 billion dollars. (Doc. 1-1 at 4).

### III. Analysis of Claims

Plaintiff's complaint should be dismissed in its entirety. The complaint provides no factual content or context from which the Court may reasonably infer that any Defendant violated any of Plaintiff's rights. Plaintiff's factual allegations rise to the level of the delusional, irrational and "wholly incredible." Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).[1]

During the course of drafting this Report and Recommendation, the undersigned discovered six prior delusional complaints filed by the same Plaintiff. All were dismissed as delusional or frivolous by this Court. The prior cases are: (1) Case No. 1:07-cv-196, filed on 3/12/07 and closed on 3/16/07 (alleging in part, murder of 30 children); (2) Case No. 1:07-cv-549, filed on 07/19/07 and closed on 7/27/07 (alleging murder of 31 children and restraint by P&G); (3) Case No. 1:09-cv-130, filed on 2/25/09 and closed 2/25/09 (alleging murder of 14 children, and attempted murder of 7, all of which children were allegedly fathered by President Clinton) (4) Case No. 1:10-cv-140, filed on 3/1/10 and closed 3/25/10 (alleging illegally institutionalized and abused in mental hospital based

---

[1] Additionally, the events on which Plaintiff bases her claims occurred so long ago that any possible claim would be time-barred.

4

upon her knowing Bill Clinton and owning P&G); (5) Case No. 1:10-cv-141, filed on 3/1/10 and closed on 3/26/10 (alleging rape and illegally forced mental health treatment, based upon association with Clinton and P&G); and (6) Case No. 1:10-cv-189 filed on 3/25/10, closed on 3/31/10 (alleging forcible impregnation by Bill Clinton, who also stole P&G from her, and further complaining of mental health treatment). Plaintiff has repeatedly but unsuccessfully appealed the dismissals of her cases by this Court to the Sixth Circuit Court of Appeals.

To the extent that most of Plaintiff's current allegations are reiterations of at least some of the allegations contained in her previously filed complaints, the instant complaint may also be dismissed as duplicative. The Supreme Court has recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the general principle that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). The District Court, therefore, has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court. *See, e.g., Baldwin v. Marshall & Ilsley Fin. Corp.,* No. 1:11cv804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (and numerous cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012) (Weber, J.). Such power should be exercised in this case. *Cf. id.*

Last, the fact that this is the seventh consecutive delusional complaint filed by Plaintiff suggests that Plaintiff should be admonished not to re-file the same allegations in the future. The undersigned recognizes that, to the extent that Plaintiff may be

5

suffering from mental illness, such illness can, at least at times, prevent a litigant from competently understanding the nature of his or her actions. Nevertheless, it is incumbent upon this Court, as a guardian over scarce judicial resources, to try.

Accordingly, Plaintiff is hereby **NOTIFIED** that if she continues to submit complaints that raise claims identical or similar to those that have already been adjudicated, she may be subject to sanctions. A *pro se* litigant may not flagrantly ignore relevant procedural or substantive rules of law. The Court has the inherent power to prevent abuse of the judicial process, including the imposition of sanctions against a party who has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991); *First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 514 (6th Cir. 2002). The Court is also empowered under Federal Rule 11 to impose sanctions against a party who violates the dictates of the Rule. Plaintiff is further warned that this Court may impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters. *Feathers* v. *Chevon U.S.A., Inc., et al.,* 141 F.3d 264, 269 (6th Cir. 1998). Plaintiff's *pro se* status is no excuse for wasting the Court's limited resources and depriving other litigants with meritorious claims of speedy resolutions of their cases by the continual filing of frivolous lawsuits.

### IV. Conclusion and Recommendation

For the reasons stated, IT IS RECOMMENDED THAT all claims contained in Plaintiff's complaint be dismissed with prejudice, pursuant to 28 U.S.C. §1915(e), and that any future motion to appeal that dismissal *in forma pauperis* be denied. The proposed amendment to identify the Defendant as A.G. Lafley, being equally delusional

6

and frivolous, also should be denied.  IT IS FURTHER RECOMMENDED that Plaintiff be admonished not to file any new complaint in this Court that raises claims identical or similar to those that have already been adjudicated.

                                             *s/ Stephanie K. Bowman*
                                             Stephanie K. Bowman
                                             United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANITA P. BROWN,

    Plaintiff,

  v.

AUTUMN KRUSE,

    Defendant.

Case No. 1:15-cv-526

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

    *s/ Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge